**PRESS FIRMLY TO SEAL**

EAL

**P**

US POSTAGE PAID IMI
2025-09-04
21122
C4748179
Commercial
FLAT RATE ENV



easypost

0901000021911

## USPS PRIORITY MAIL

LAWSERVEPRO
8482 FORT SMALLWOOD RD # B-110
PASADENA MD 21122-2763

**0003**

C003

# TED STATES
## AL SERVICE ®

# PRIORITY
# MAIL

ite specified for domestic use.

inc/ude $100 of insurance (restrictions apply).*

ice included for domestic and many international destinations.

insurance.**

nal&, a customs declaration form is required.

rtain items. For details regarding claims exclusions see the
://p.usps.com.

ual at http://pe.usps.com for availability and limitations of coverage.

SHIP TO:



NORTHWEST REGISTERED AGENT SERVICE,
INC
5000 THAYER CTR STE C
OAKLAND MD 21550-1139

## USPS TRACKING #

9405 5361 0619 4285 5337 71

# ENVELOPE

EIGHT

# INSURED

To schedule free Package Pickup,
scan the QR code.

4

**EP14F July 2022**
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.



**CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND**
50 Maryland Avenue
Rockville, Maryland  20850

| | |
|---|---|
| **Case Number:** | C-15-CV-25-003542 |
| **Other Reference Number(s):** | |

**TELCON SERVICES, LLC VS. PROSOURCE TECHNOLOGIES, LLC**

Date: 7/8/2025

## ORDER FOR MANDATORY PRETRIAL HEARING – Civil Track 3
## COMPLAINT FILED ON 07/08/2025

In accordance with Maryland Rules of Procedure, Rule 2-504, and in order to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time and at the least possible cost to the Court and to litigants, it is this day, by the Circuit Court for Montgomery County, Maryland,

**ORDERED**, that the parties and trial counsel shall appear in court for a Pretrial Hearing.  No further notice will be given of this date.  Unrepresented parties and/or trial counsel shall meet at least two weeks prior to the hearing date to prepare a written joint pre-trial statement and endeavor to settle the case.  If the parties cannot agree to the meeting place or date, it shall be two weeks before the hearing date at 9:00 a.m. in the lobby of the Court House.  The joint pre-trial statement shall be signed by all parties and their attorneys and shall be filed with the court at least seventeen days before the Pretrial Hearing and shall contain the following:

1. <u>Nature of the Case</u>: A brief, non-argumentative statement suitable for reading to a jury.

2. <u>Claims and/or Defenses</u>: Each party to set forth a concise statement of all claims and defenses which that party is submitting for trial.

3. <u>Undisputed Issues and Facts</u>: List all issues not in dispute and set forth stipulated facts.

4. <u>Disputed Issues</u>: List each disputed issue and the principal contentions of all parties respecting each.

5. <u>Relief Sought</u>: Specify nature and amount of each item of damage claimed or description of equitable relief sought by each party.

6. <u>Citations</u>: List any cases or statutes which need to be called to the Court's attention.

7. <u>Pending Motions</u>: List title, movant, and filing date of pending motions.

8. <u>Witnesses</u>: Name, address, and telephone number of each person who may be called to testify.  As to experts, list matters about which each expert will testify.  No party may call at trial any witness omitted from that party's pre-trial statement, except for impeachment or rebuttal purposes.

9. <u>Exhibits</u>: Attach a listing of the exhibits to be offered in evidence by each party at the trial, other than those expected to be used solely for impeachment, indicating which exhibits the parties agree may be offered in evidence without the usual authentication. Complete list of exhibits identifying by exhibit number each document that may be offered at trial.  (Stickers to be attached to each exhibit are available in Clerk's office.)  Any objections to another party's exhibits should be stated.

10. <u>Deposition Testimony</u>: Designation by page and line of deposition testimony to be offered as substantive evidence, not impeachment.

11. <u>Pleadings and Discovery Responses</u>: Designation by page and paragraph of any pleading or discovery response to be offered as substantive evidence, not impeachment.

TELCON SERVICES, LLC vs. PROSOURCE TECHNOLOGIES, LLC      Case Number: C-15-CV-25-003542

Case 8:25-cv-03314-LKG    Document 1-1    Filed 10/06/25    Page 3 of 45

Other Reference Number(s):

12. <u>Demonstrative or Physical Evidence</u>: Describe any items of non-testimonial, non-documentary evidence - - models, samples, objects, etc. – to be utilized at trial.

13. <u>Videotapes</u>: Identify any videotapes to be shown to the jury and authority for doing so.

14. <u>Requested Jury Selection Questions</u>: Identify those agreed upon and include any objections made by either side.

15. <u>Pattern Jury Instructions</u>: Identify those agreed upon and those not agreed upon. Designate the source of the instruction.

16. <u>Non-Pattern Jury Instructions</u>: Supply complete text of each instruction, with authorities, on a separate page.

17. <u>Verdict Sheet (if requested)</u>: Text of verdict sheet, including any special interrogatories, to be submitted to the jury.

18. <u>Settlement</u>: Minimum demand; Maximum offer.

19. <u>Estimated Length of Trial</u>: _____ days.

and it is further

**ORDERED**, that counsel and unrepresented parties shall file the Joint Pretrial Statement no later than seventeen days **(DEADLINE: April 06, 2026)** before the Pretrial Hearing; and it is further,

**ORDERED**, for cases that have not reached a settlement by the Pretrial Hearing date, that the parties and their counsel and representatives with the authority to settle shall participate in good faith in any Settlement Conference, that may be set at the Pretrial.

<u>7/8/2025</u>
Date

_____
Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

\* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

CC:    Telcon Services, Llc

       Prosource Technologies, Llc

       Gregory Henry  Koger

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

PRIMORIS T&D SERVICES, LLC, as
assignee and successor-in-interest to TELCON
SERVICES, LLC,

          Plaintiff,

v.

PROSOURCE TECHNOLOGIES, LLC,

          Defendant.

Case No.: C-15-CV-25-003542

## NOTICE OF SUBSTITUTION OF PRIMORIS T&D SERVICES, LLC, AS PLAINTIFF

Primoris T&D Services, LLC ("Primoris"), by its undersigned counsel, hereby provides

notice in accordance with Md. Rule 2-241(b) that Primoris shall be substituted for Telcon Services,

LLC ("Telcon") as the plaintiff in this action, and further states:

1.      Maryland Rule 2-241 permits the "proper person" to be substituted for a party who

"transfers an interest in the action, whether voluntarily or involuntarily." Md. Rule 2-241(a)(3).

2.      Telcon voluntarily transferred its interest in the claims asserted in this action against

ProSource Technologies, LLC ("ProSource") to Primoris pursuant to an Assignment of Contract

and Claims dated August 22, 2025. Accordingly, Primoris should be substituted for Telcon as the

plaintiff pursuant to Md. Rule 2-241.

3.      Primoris is a Delaware limited liability company with a principal office at 6831 N.

Interstate 35, Denton, Texas 76207, and is authorized to transact business in the State of Maryland.

4.      Primoris will serve all parties in the manner prescribed by Md. Rule 2-241(b).

*[signature on following page]*

Dated: September 4, 2025

Respectfully submitted,

/s/ Christopher J. Olsen
Christopher J. Olsen (AIS #1212120338)
PECKAR & ABRAMSON, P.C.
2055 L Street NW, Suite 750
Washington, DC 20036
Phone: (202) 293-8815
Fax:    (202) 293-7994
Email: colsen@pecklaw.com

**Attorneys for Primoris T&D Services, LLC**

Exhibit 1

## CERTIFICATION OF ADMISSION TO PRACTICE LAW IN MARYLAND

In accordance with Md. Rule 1-313, I hereby certify that I am admitted to practice law in the State of Maryland.

Dated: September 4, 2025                    Respectfully submitted,


                                    */s/ Christopher J. Olsen*
                                    Christopher J. Olsen (AIS #1212120338)
                                    PECKAR & ABRAMSON, P.C.
                                    2055 L Street NW, Suite 750
                                    Washington, DC 20036
                                    Phone: (202) 293-8815
                                    Fax:    (202) 293-7994
                                    Email: colsen@pecklaw.com

                                    ***Attorneys for Primoris T&D Services, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that, on September 4, 2025, a true copy of the foregoing will be served

upon the parties as follows:

VIA MDEC:
Gregory H. Koger
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
*Attorneys for Telcon Services, LLC*

VIA PRIVATE PROCESS SERVER:
ProSource Technologies, LLC, through its
Resident Agent, Northwest Registered Agent
Service, Inc.
5000 Thayer Center, Suite C
Oakland, Maryland 21550
*Defendant*


*/s/ Christopher J. Olsen*
Christopher J. Olsen (AIS #1212120338)

4



# Peckar & Abramson
### A Professional Corporation · Attorneys & Counselors at Law

www.pecklaw.com

2055 L Street, NW
Suite 750
Washington, DC 20036
tel. 202.293.8815
fax 202.293.7994

New York, NY
Los Angeles, CA
Washington, D.C.
Miami, FL
Chicago, IL
Boston, MA
River Edge, NJ
Austin, TX
Dallas, TX
Houston, TX

**International**

**Alliances**

Argentina
Brazil
Canada
Chile
Colombia
El Salvador
England
France
Germany
Guatemala
India
Mexico
Peru
Uruguay

September 4, 2025

**VIA PRIVATE PROCESS SERVER**
Northwest Registered Agent Service, Inc.
5000 Thayer Center
Suite C
Oakland, MD 21550

**RE:**    **Service of Process on ProSource Technologies, LLC**
Primoris T&D Services, LLC v. ProSource Technologies, LLC
Circuit Court for Montgomery County, Maryland (C-15-CV-25-003542)

To Whom it May Concern:

On behalf of Primoris T&D Services, LLC, enclosed please find the following documents for service on **ProSource Technologies, LLC:**

1. Original Complaint
2. Writ of Summons
3. Scheduling Order – Track 3
4. Scheduling Notice and Order of Court – Civil Track 3
5. Order for Mandatory Pretrial Hearing – Civil Track 3
6. Notice of Substitution of Primoris T&D Services, LLC, as Plaintiff

If you have any questions, I can be reached at 202-293-8815 or colsen@pecklaw.com. Thank you for your assistance with this matter.

Very truly yours,

*/s/ Chris Olsen*

Chris Olsen
Email: colsen@pecklaw.com

Enclosures





IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| TELCON SERVICES, LLC<br>3401 S. Old Wick Ave.<br>Eagle, ID 83616<br><br>       Plaintiff,<br><br>v.<br><br>PROSOURCE TECHNOLOGIES, LLC<br>9219 East River Road NW<br>Coon Rapid, MN 55433<br><br>  Serve:  Northwest Registered Agent Service, Inc.<br>         5000 Thayer Center<br>         Suite C<br>         Oakland, MD 21550<br>         *Registered Agent*<br><br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C-15-CV-25-003542<br><br>Civil No.: _____ |

### PLAINTIFF TELCON SERVICES, LLC'S COMPLAINT AND RULE 1-313 CERTIFICATE

Plaintiff Telcon Services, LLC, by and through counsel, submits this Complaint seeking damages and indemnification against Defendant ProSource Technologies, LLC, and in support states as follows:

### Parties

1.      Plaintiff Telcon Services, LLC ("Telcon") is an Idaho limited liability company with its principal office at 3401 S. Old Wick Ave., Eagle, ID 83616. Telcon is registered and in good standing to transact business in the State of Maryland and primarily engages in business performing construction management services.

1

2.     Upon information and belief, Defendant ProSource Technologies, LLC ("ProSource") is a Minnesota limited liability company with its principal place of business at 9219 East River Road NW, Coon Rapid, MN 55433.  ProSource engages in, among other things, performing land survey services in the State of Maryland.

## Jurisdiction

3.     This is an action for damages in excess of $30,000.00, exclusive of interest and costs.

4.     Jurisdiction is proper in this Court under §§ 1-501, 6-102, and 6-103 of the Courts and Judicial Proceedings Article of the Maryland Code.

5.     Venue is proper in this Court under § 6-201 of the Courts and Judicial Proceedings Article of the Maryland Code.

## Facts

6.     Telcon is one of two entities comprising InfraPartners, LLC ("InfraPartners").  The other party comprising InfraPartners is Procom Supply, LLC.  InfraPartners was established for the purpose of providing materials and engineering and construction management services to QLoop for the design and construction of a 38-mile fiber network ring in Maryland and Virginia (the "Project").

7.     InfraPartners entered into a Professional Services Agreement with Quantum Loophole, Inc. ("QLoop"), pursuant to which InfraPartners provides construction management services for the Project.

8.     The requisite work to be performed for the Project included the excavation and site work needed to install fiber optic conduits through easements granted by landowners within the

2

Project area. Once the requisite easements were secured, a subsequent property survey was to be completed to designate the precise locations to excavate and install the conduit.

9. Among the easements necessary to complete the overall conduit work was an easement on property owned by First Energy Corp. ("First Energy"), situated along River Road in Dickerson, Maryland (and located within Montgomery County). The easement for the First Energy property was successfully obtained prior to the survey work (the "First Energy Easement").

10. The real property owned by First Energy is adjacent to a separate parcel of real property owned by a different landowner, Lewis Legacy LLC ("Lewis Legacy"), located at 24000 River Road, Dickerson, Maryland 20842. The conduit that was to be installed in this area of the overall Project, i.e., "Segment 4," was not intended to run through the Lewis Legacy property, so no easement was requested and obtained from Lewis Legacy.

11. Telcon, in a direct and individual capacity, entered into an agreement with ProSource dated January 24, 2022. Pursuant to the Telcon-ProSource Contract, ProSource agreed to provide professional services to the Project in the form of researching and performing the land survey of the First Energy Easement, which is located adjacent to real property owned by Lewis Legacy (the "Telcon-ProSource Contract"). The scope of work to be performed by ProSource did not include performing any survey work on the real property owned by Lewis Legacy.

12. In order to satisfy its obligations under the Telcon-ProSource Contract, ProSource entered into a subcontract agreement with Civil & Environmental Consultants Inc. ("CEC") to perform the land survey of the First Energy Easement.

13. Upon information and belief, ProSource, through CEC, subsequently performed the land survey work. The land survey work performed through the direction and oversight of

3

ProSource included the installation of markers identifying the designated areas where the conduit should be installed.

14. On July 13, 2022, ProSource completed its survey work pursuant to the Telcon-ProSource Contract. ProSource issued a boundary survey upon completion of the on-site review.

15. Separate from the survey work, QLoop retained Primoris T&D Services, LLC ("Primoris") to serve as the contractor to perform the actual excavation and installation of conduit on the First Energy Easement and other designated areas.

16. QLoop and Primoris subsequently relied on the designated markings established by ProSource and began the installation work for QLoop's underground communication conduit for Segment 4. The underground cabling work was completed by QLoop and Primoris while relying upon the markings established by ProSource's survey.

17. On August 4, 2023, Telcon was informed that underground conduit had been improperly installed on areas within the Lewis Legacy property.

18. Lewis Legacy alleged that Primoris installed the fiber optic conduit outside of the authorized First Energy Easement due to ProSource's surveying error. Lewis Legacy alleged that the conduit was actually improperly installed on its real property, thereby resulting in alleged damage to its real property. Lewis Legacy claimed significant monetary damages against Primoris, QLoop, and Telcon as the result of the improperly installed conduit (the "Lewis Legacy Claim").

19. After reviewing the situation and events, QLoop decided to negotiate a comprehensive settlement with Lewis Legacy that included QLoop's agreement to pay $850,000.00 to Lewis Legacy to resolve the costs and damages resulting from the improper survey work ("Lewis Legacy Settlement").

4

Exhibit 1

20.     The total cost impact allegedly associated with ProSource's failure to perform as required under the Telcon-ProSource Contract is calculated at $1,669,208.96, which encompasses (a) the settlement payment to Lewis Legacy ($850,000.00); (b) costs to remove the improperly installed conduit and reinstall the conduit ($812,008.96); and (c) costs to complete additional survey work following the discovery of ProSource's failed performance ($7,200.00).

21.     QLoop has sought indemnification and reimbursement from Telcon for the settlement with Lewis Legacy.

22.     In turn, Telcon and QLoop made a demand on ProSource seeking full indemnification and reimbursement of the costs and damages to resolve the dispute with Lewis Legacy, all of which is attributable to ProSource's surveying error.

23.     On or about July 2, 2024, Telcon agreed to credit QLoop one hundred seventy-five thousand dollars ($175,000.00) of the overall amount comprising the settlement payment of $850,000 to Lewis Legacy. This credit is in the form of an offset of construction management fees originally payable by QLoop to Telcon for work to be performed by Telcon in Virginia.

24.     Despite the credit given to QLoop by Telcon in the amount of $175,000, QLoop sent a letter to Telcon's counsel dated April 25, 2025, demanding that InfraPartners, LLC and Telcon indemnify QLoop and pay costs and damages due to the improper survey completed by ProSource. The demand letter issued by QLoop states, *inter alia*, that QLoop has "suffered damage[s] in excess of $10,000,000."[1]

25.     Despite its responsibility for the overall costs and damages, ProSource has refused to indemnify and reimburse Telcon for any costs or damages directly resulting from ProSource's

---

[1] QLoop previously initiated a claim against Telcon in Texas alleging, *inter alia*, that QLoop is entitled to damages due to the improper survey work. That claim is part of an ongoing lawsuit styled as *Primoris T&D Services, LLC v. QLoop Communications, et al.*, Texas Business Court; No. 24-BC03B-0001.

failure to perform its services in accordance with the Telcon-ProSource Contract and industry standards.

26. As the result of ProSource's failures, Telcon is entitled to the immediate reimbursement of the credit given by Telcon to QLoop ($175,000.00).

27. Additionally, Telcon is entitled to indemnification by ProSource for any amount that is the responsibility of Telcon to resolve the underlying disputes that have arisen as the result of ProSource's failure to perform.

**COUNT I**
**(Breach of Contract – ProSource Technologies, LLC)**

28. The allegations set forth in Paragraphs 1 through 27 are incorporated herein by reference.

29. Telcon and ProSource entered into the Telcon-ProSource Contract dated January 24, 2022, through which ProSource agreed to provide professional services for the Project. The services to be provided by ProSource included, but were not limited to, the completion of a professional land survey of the First Energy Easement.

30. The Telcon-ProSource Contract detailed the hourly rates ProSource would charge in exchange for its professional services.

31. Pursuant to the terms and conditions of the Telcon-ProSource Contract, ProSource and its agent, CEC, researched and completed the land survey work on or about July 13, 2022.

32. Pursuant to the Telcon-ProSource Contract, ProSource received payment totaling $11,873.56 for survey services, specifically the south and north Potomac River bores. Overall, Telcon paid ProSource $122,385.99 for surveying throughout the area designated as "Segment 4" for the Project.

33.     On August 4, 2023, Telcon was notified that ProSource failed to complete the land survey work as required under the Telcon-ProSource Contract, instead completing a survey on the Lewis Legacy real property.

34.     It was discovered that as the result of ProSource's incorrect survey information and site markings, Telcon and QLoop, through Primoris, installed conduit through real property owned by Lewis Legacy.  Telcon, QLoop, and Primoris did not realize and could not have realized ProSource's failed performance and improper markings during the installation of the conduit.

35.     Despite its contractual obligations, ProSource failed to perform its services in accordance with the terms and conditions of the Telcon-ProSource Contract.  Specifically, ProSource failed to conduct a proper land survey of the real property that was the subject of the Telcon-ProSource Contract.  Instead of performing a survey of the First Energy Easement, ProSource erroneously and improperly conducted a survey of the real property situated adjacent to the First Energy Easement, *i.e.*, the Lewis Legacy real property.

36.     As the direct result of the improper land survey performed by ProSource, areas within the Lewis Legacy real property were improperly marked for the installation of conduit.  In turn, conduit was improperly installed on the Lewis Legacy real property thereby causing alleged damages.

37.     As the result of its failure to complete the requisite survey of the First Energy Easement, ProSource has materially breached the terms and conditions of the Telcon-ProSource Contract.

38.     As the result of the improper conduit installed on its real property without the requisite permission, Lewis Legacy demanded damages from Telcon and QLoop.

7

39.    In order to avoid a potential legal dispute, QLoop agreed to pay $850,000 to the Lewis Legacy to resolve the dispute resulting from ProSource's failed performance.

40.    On or about July 2, 2024, Telcon committed to compensate QLoop in the amount of one hundred seventy-five thousand dollars ($175,000.00) of the overall Lewis Legacy Settlement.[2]

41.    QLoop is currently seeking to recover an amount of not less than $1,669,208.96 from Telcon, which includes (a) the settlement to Lewis Legacy ($850,000.00); (b) costs to remove the improperly installed conduit and reinstall the conduit ($812,008.96); and (c) costs incurred to complete additional survey work following the discovery of ProSource's failed performance from Telcon ($7,200.00).

42.    At present, Telcon is entitled to an award of monetary damages against ProSource in an amount of not less than one hundred seventy-five thousand dollars ($175,000) based on ProSource's breach of the Telcon-ProSource Contract.

WHEREFORE, Plaintiff Telcon Services, LLC requests that a judgment be entered against Defendant ProSource Technologies, LLC in an amount to be proven at trial, but not less than one hundred seventy-five thousand dollars ($175,000.00), plus interest and any additional damages which may accrue before the date of any judgment, as well as costs, attorneys' fees, and such other relief as the Court may deem appropriate.

**COUNT II**
**(Indemnification – ProSource Technologies, LLC)**

43.    The allegations set forth in Paragraphs 1 through 42 are incorporated herein by reference.

---

[2] Telcon agreed to credit this amount to QLoop in the form of an offset of Telcon's future construction management fees to be incurred on the overall Project.

44.     Telcon is subject to existing and future costs and damages as the result of ProSource's failed and improper land survey performed on the Lewis Legacy real property. Specifically, ProSource owed a duty to all interested parties to ensure it performed its professional services without any errors or omissions. ProSource's failure to perform its professional services constitutes a breach of general professional and industry standards regarding the performance of land survey work.

45.     Telcon did not cause, nor is it in any way responsible for, the underlying injury that resulted in the damages that have been and will be paid to Lewis Legacy.

46.     Telcon did not cause, nor is it in any way responsible for, the underlying injury that resulted in the damages that have been and will be claimed by QLoop against Telcon.

47.     Telcon maintains that any future finding of liability against its interests relative to the injury caused to Lewis Legacy have arisen from and are proximately caused by the active wrongful acts and/or omissions of ProSource.

48.     The total cost impact associated with ProSource's failure to perform in accordance with generally acceptable industry standards is currently calculated at $1,669,208.96, which includes (a) the settlement to Lewis Legacy ($850,000.00); (b) costs to remove the improperly installed conduit and reinstall the conduit ($812,008.96); and (c) costs incurred to complete additional survey work following the discovery of ProSource's failed performance ($7,200.00).

49.     In a letter dated April 18, 2025, QLoop issued a demand to InfraPartners, LLC and Telcon for indemnification of costs and damages due to the improper survey completed by ProSource. The demand issued by QLoop states that QLoop has "suffered damage[s] in excess of $10,000,000." Thus, the demand letter states an intent to hold InfraPartners, LLC and Telcon responsible for money damages in a final amount to be determined.

50.     Accordingly, Telcon is entitled to indemnity in law against ProSource for any and all losses suffered by Telcon as the result of ProSource's wrongful acts or omissions, to include the full or partial payment of not less than $1,669,208.96 as the result of ProSource's failed performance.

51.     Telcon has satisfied any and all conditions precedent to claiming and recovering the subject costs.

WHEREFORE, Plaintiff Telcon Services, LLC requests that the Court direct Defendant ProSource Technologies, LLC to indemnify Plaintiff Telcon Services, LLC in an amount to be proven at trial, but not less than one million six hundred sixty-nine thousand two hundred eight dollars and ninety-six cents ($1,669,208.96), plus interest and any additional damages which may accrue before the date of any judgment, as well as costs, attorneys' fees, and such other relief as the Court may deem appropriate.[3]

Dated: July 8, 2025

Respectfully submitted,

Gregory H. Koger
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C.  20006
Phone: (202) 955-3000
Fax: (202) 955-5564
greg.koger@hklaw.com
MD Client Protection Number: 9912150106

---

[3] Any damages awarded under Count I (Breach of Contract) would be deducted against the amount claimed in Count II.

## RULE 1-313 CERTIFICATE

Pursuant to Maryland Rule 1-313, the undersigned counsel for Plaintiff Telcon Services, LLC certifies that he is admitted to practice before the Supreme Court of Maryland and throughout the State of Maryland.

Dated: July 8, 2025

_____
Gregory H. Koger



Case 8:25-cv-03314-LKG   Document 1-1   Filed 10/06/25   Page 20 of 45   Exhibit 6

**CIRCUIT COURT FOR MONTGOMERY COUNTY,
MARYLAND**
50 Maryland Avenue
Rockville, Maryland  20850

**To:**   PROSOURCE TECHNOLOGIES, LLC
9219 EAST RIVER ROAD NW
COON RAPID, MN 55433
**SERVE ON:** Northwest Registered Agent Service, Inc.
5000 Thayer Center, Suite C
Oakland, MD 21550

|  |  |
|---|---|
| **Case Number:** | C-15-CV-25-003542 |
| **Other Reference Number(s):** |  |

**TELCON SERVICES, LLC VS. PROSOURCE TECHNOLOGIES, LLC**

Issue Date: 7/8/2025
Expiration Date: 09/06/2025

## WRIT OF SUMMONS (NEW CASE)

You are hereby summoned to file a <u>written</u> response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by:

TELCON SERVICES, LLC
3401 S Old Wick Ave
Eagle, ID  83616

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately.  If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

*Karen A Bushell*
Karen A. Bushell
Clerk of the Circuit Court

NOTE:

1. This summons is effective only if served within 60 days after the date issued. If it is not served within the 60 days, the moving party must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

5. Service of the Summons CANNOT be made by the moving party.

**TELCON SERVICES, LLC vs. PROSOURCE TECHNOLOGIES, LLC** **Case Number: C-15-CV-25-003542**

Case 8:25-cv-03314-LKG    Document 1-1    Filed 10/06/25    Page 22 of 45    Exhibit 1

## RETURN

☐ Served _____ on _____ at _____
                Whom                        Date                  City/State/Country

☐ Summons and    ☐ Show Cause Order and    ☐ Complaint/Petition/Motion Served

☐ Unserved _____ _____
                Date                              Reason

_____    ☐ Sheriff
Signature

TELCON SERVICES, LLC vs. PROSOURCE TECHNOLOGIES, LLCCase Number: C-15-CV-25-003542

Case 8:25-cv-03314-LKG    Document 1-1    Filed 10/06/25    Page 23 of 45Exhibit 1



**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

|  | |
|---|---|
| **Case Number:** | C-15-CV-25-003542 |
| **Other Reference Number(s):** | |

**TELCON SERVICES, LLC VS. PROSOURCE TECHNOLOGIES, LLC**

Date: 7/8/2025

## SCHEDULING ORDER – TRACK 3
## COMPLAINT FILED ON 07/08/2025

THIS ORDER IS YOUR OFFICIAL NOTICE OF CASE DEADLINES AND HEARINGS REQUIRING APPEARANCES. FAILURE TO APPEAR AT HEARINGS OR COMPLY WITH ALL REQUIREMENTS MAY RESULT IN DISMISSAL, DEFAULT JUDGMENT, EXCLUSION OF WITNESSES AND/OR EXHIBITS, ASSESSMENTS OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, OR OTHER SANCTIONS.

| EVENT: [ATTENDANCE REQUIRED AT EVENTS] | DEADLINE: |
|---|---|
| *DEADLINE*: *PLT EXPERTS IDENTIFIED* | October 06, 2025 |
| *DEADLINE*: *MOTION FOR ALTERNATIVE SERVICE FILED* | November 05, 2025 |
| *DEADLINE*: *DEF EXPERTS IDENTIFIED* | December 05, 2025 |
| *DEADLINE*: *ALL WRITTEN DISCOVERY SERVED BY* | February 03, 2026 |
| *DEADLINE*: *DISCOVERY COMPLETED* | March 20, 2026 |
| *DEADLINE*: *ADD'L PARTIES JOINDER* | March 30, 2026 |
| MEETING OF ALL COUNSEL, Time and place to be determined PLUS DEADLINES: | April 06, 2026 |
| *DEADLINE*: *DISPOSITIVE MOTIONS FILED* | April 06, 2026 |
| *DEADLINE*: *JOINT PRETRIAL STATEMENT FILED* | April 06, 2026 |
| *DEADLINE*: *RULE 2-504.3(B) NOTICE* | April 06, 2026 |
| *DEADLINE*: *ADR DEADLINE* | April 09, 2026 |
| PRETRIAL HEARING ATTENDANCE REQUIRED | May 07, 2026 at 1:30 PM |
| *DEADLINE*: *PLEADING AMENDMENT TO BE DETERMINED AT PRETRIAL.* | |
| *DEADLINE*: *VOIR DIRE, JURY INSTRUCTIONS AND VERDICT SHEET DUE 20 DAYS BEFORE TRIAL DATE* | |

**TRIAL COUNSEL SHALL APPEAR** AT THE PRETRIAL HEARING. MOTIONS FILED IN CIVIL TRACK 3 ACTIONS SHALL NOT EXCEED 15 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 10 PAGES WITHOUT LEAVE OF THE COURT. IDENTIFICATION OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS GOVERNED BY RULES 2-211, 2-331, 2-332 and 2-341.
THE **TRIAL DATE** SHALL BE SET AT THE PRETRIAL HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED.

| **Trial Date Between:** | **May 20, 2026** | and | **August 28, 2026** |
|---|---|---|---|
| | _____ | | _____ |

**ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION FILED IN ADANCE OF THE DEADLINES OR HEARING DATES SOUGHT TO BE MODIFIED, PROVIDING GOOD CAUSE TO JUSTIFY ANY MODIFICATION THEREOF.**

TELCON SERVICES, LLC vs. PROSOURCE TECHNOLOGIES, LLC          Case Number: C-15-CV-25-003542

Case 8:25-cv-03314-LKG    Document 1-1    Filed 10/06/25    Page 25 of 45

Other Re Exhibit Number(s):

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

|  |  |
| --- | --- |
| 7/8/2025 | _Jann A. Brailard_ |
| Date | Administrative Judge |

* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

CC:     Telcon Services, Llc

        Prosource Technologies, Llc

        Gregory Henry  Koger



**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

|  | **Case Number:** | **C-15-CV-25-003542** |
|---|---|---|
|  | **Other Reference Number(s):** |  |

**TELCON SERVICES, LLC VS. PROSOURCE TECHNOLOGIES, LLC**

Date: 7/8/2025

## SCHEDULING NOTICE AND ORDER OF COURT - Civil Track 3
### COMPLAINT FILED ON 07/08/2025

It is by the Circuit Court for Montgomery County, Maryland, **ORDERED** as follows:

1.) <u>Proof of Service.</u>  Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.

  a.) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.

  b.) As to any Defendant not timely served, the Court may sever the case against that party.

  c.) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint:  DEADLINE: November 05, 2025**

  d.) **Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.**

  e.) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.

  f.) <u>**FAILURE TO SERVE A PARTY WILL NOT RESULT IN MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER.**</u>

2.) <u>Answer or Other Responsive Pleading.</u>  Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading.  These pleadings must be filed in accordance with Rule 2-321.  If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3.) <u>Initial Discovery.</u>  No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution, (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:

  a) **Initial Disclosure of the Plaintiff's Experts to occur no later than deadline provided on the Scheduling Order:** The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing.  Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert.  The obligation to supplement the information provided by this deadline continues and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave of the Court.  This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness.  Under no circumstances may this information be withheld.

4.) <u>Discovery of Electronic Information.</u>  Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to

**TELCON SERVICES, LLC vs. PROSOURCE TECHNOLOGIES, LLC**          **Case Number: C-15-CV-25-003542**
                                                                   **Other Reference Number(s):**

the preservation of electronic information, if any, and the necessity and manner conducting discovery regarding electronic information, and the parties should address the following:

a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;

b) Exchange of discoverable information in electronic format where appropriate, including:

   i) The format of production, i.e., PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, etc., and the storage media on which the information shall be exchanged; and

   ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.

c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;

d) The manner of handling inadvertent production of privileged materials; and

e) Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5.) <u>Attorneys' Fees.</u> If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury. The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules. If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue. (See Rules 2-703, 2-704, and 2-705.)

6.) <u>Mediation.</u> PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE. PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE). Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator. Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court. Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an object to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

_____          _____
        7/8/2025                      *(signature)*
          Date                    Administrative Judge

\* IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL SHALL NOTIFY THE COURT AT (240) 777-9035 OR (240) 777-9106. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.

CC:    Telcon Services, Llc

       Prosource Technologies, Llc

       Gregory Henry Koger

E-FILED; Montgomery Circuit Court
Docket: 9/18/2025 11:28 AM; Submission: 9/18/2025 11:28 AM
Envelope: 22988992

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

PRIMORIS T&D SERVICES, LLC,

                Plaintiff,

     v.

PROSOURCE TECHNOLOGIES, LLC,

                Defendant.

Case No.: C-15-CV-25-003542

## MOTION FOR SPECIAL ADMISSION OF
## OUT-OF-STATE ATTORNEY, NATHAN COX, UNDER RULE 19-217

I, Christopher J. Olsen, counsel for Plaintiff, Primoris T&D Services, LLC ("Primoris"),

move that the Court admit Nathan Cox, an out-of-state attorney who is a member in good standing

of the Bar of Texas, for the limited purpose of appearing and participating in this case as co-counsel

with me for Primoris.

    <u>Out-of-State Attorney Information:</u>

Nathan Cox
Benn Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
ncox@bellnunnally.com

Unless the Court has granted a motion for reduction or waiver, the $100.00 fee required by

Code, Courts & Judicial Proceedings Article, § 7-202(f) is included with this Motion.

I [**X**] do [ ] do not request that my presence be waived under Rule 19-217(d).

Dated: September 18, 2025           Respectfully submitted,

                         */s/ Christopher J. Olsen*
                         Christopher J. Olsen (AIS #1212120338)
                         PECKAR & ABRAMSON, P.C.
                         2055 L Street NW, Suite 750

Washington, DC 20036
Phone: (202) 293-8815
Fax:    (202) 293-7994
Email: colsen@pecklaw.com

***Attorneys for Primoris T&D Services, LLC***

2

## CERTIFICATE AS TO SPECIAL ADMISSIONS

I, Nathan Cox, certify on September 18, 2025, that during the preceding five years, I have

not been specially admitted in the State of Maryland.

I have previously been issued the following unique identifying numbers by the Maryland

Judiciary:

| Attorney Information System | N/A |
|---|---|
| Client Protection Fund | N/A |
| Maryland Electronic Courts (MDEC) | N/A |

Dated: September 18, 2025                 Respectfully submitted,


                                          /s/ Nathan Cox
                                          Nathan Cox
                                          Bell Nunnally & Martin LLP
                                          2323 Ross Avenue, Suite 1900
                                          Dallas, Texas 75201
                                          Phone: (214) 740-1400
                                          Email: ncox@bellnunnally.com

3

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2025, a true copy of the foregoing will be served by

first-class mail, postage pre-paid, upon:

ProSource Technologies, LLC, through its
Resident Agent, Northwest Registered Agent
Service, Inc.
5000 Thayer Center, Suite C
Oakland, Maryland 21550
**Defendant**

/s/ Christopher J. Olsen
Christopher J. Olsen (AIS #1212120338)

4

Exhibit 1

E-FILED; Montgomery Circuit Court
Docket: 9/18/2025 11:25 AM; Submission: 9/18/2025 11:25 AM
Envelope: 22988881

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

PRIMORIS T&D SERVICES, LLC,

              Plaintiff,

  v.

PROSOURCE TECHNOLOGIES, LLC,

              Defendant.

Case No.: C-15-CV-25-003542

## MOTION FOR SPECIAL ADMISSION OF
## OUT-OF-STATE ATTORNEY, R. HEATH CHEEK, UNDER RULE 19-217

I, Christopher J. Olsen, counsel for Plaintiff, Primoris T&D Services, LLC ("Primoris"), move that the Court admit R. Heath Cheek, an out-of-state attorney who is a member in good standing of the Bar of Texas, for the limited purpose of appearing and participating in this case as co-counsel with me for Primoris.

    Out-of-State Attorney Information:

R. Heath Cheek
Benn Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
hcheek@bellnunnally.com

Unless the Court has granted a motion for reduction or waiver, the $100.00 fee required by Code, Courts & Judicial Proceedings Article, § 7-202(f) is included with this Motion.

I [X] do [ ] do not request that my presence be waived under Rule 19-217(d).

Dated: September 18, 2025        Respectfully submitted,

                            */s/ Christopher J. Olsen*
                            Christopher J. Olsen (AIS #1212120338)
                            PECKAR & ABRAMSON, P.C.
                            2055 L Street NW, Suite 750

Washington, DC 20036
Phone: (202) 293-8815
Fax:     (202) 293-7994
Email: colsen@pecklaw.com

**Attorneys for Primoris T&D Services, LLC**

## CERTIFICATE AS TO SPECIAL ADMISSIONS

I, R. Heath Cheek, certify on September 18, 2025, that during the preceding five years, I have not been specially admitted in the State of Maryland.

I have previously been issued the following unique identifying numbers by the Maryland Judiciary:

| | |
|---|---|
| Attorney Information System | N/A |
| Client Protection Fund | N/A |
| Maryland Electronic Courts (MDEC) | N/A |

Dated: September 18, 2025                    Respectfully submitted,


                                             /s/ R. Heath Cheek
                                             R. Heath Cheek
                                             Bell Nunnally & Martin LLP
                                             2323 Ross Avenue, Suite 1900
                                             Dallas, Texas 75201
                                             Phone: (214) 740-1400
                                             Email: hcheek@bellnunnally.com

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2025, a true copy of the foregoing will be served by

first-class mail, postage pre-paid, upon:

ProSource Technologies, LLC, through its
Resident Agent, Northwest Registered Agent
Service, Inc.
5000 Thayer Center, Suite C
Oakland, Maryland 21550
**Defendant**

/s/ *Christopher J. Olsen*
Christopher J. Olsen (AIS #1212120338)

4

Exhibit 1
E-FILED; Montgomery Circuit Court
Docket: 9/18/2025 11:28 AM; Submission: 9/18/2025 11:28 AM
Envelope: 22988992

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

PRIMORIS T&D SERVICES, LLC,

               Plaintiff,

v.

PROSOURCE TECHNOLOGIES, LLC,

               Defendant.

Case No.: C-15-CV-25-003542

## ORDER

It is this _____ day of _____, 202\_\_, by the Circuit Court for Montgomery County, Maryland, **ORDERED** that

    Nathan Cox
    Benn Nunnally & Martin LLP
    2323 Ross Avenue, Suite 1900
    Dallas, Texas 75201
    ncox@bellnunnally.com

is admitted specially for the limited purpose of appearing and participating in this case as co-counsel for Plaintiff. The presence of the Maryland attorney [ ] is [ ] is not waived.

It is further **ORDERED** that the Clerk forward a true copy of the Motion and of this Oder to the State Court Administrator.

_____
Judge, Circuit Court for Montgomery County

_____
Signature

Exhibit 1

E-FILED; Montgomery Circuit Court
Docket: 9/18/2025 11:25 AM; Submission: 9/18/2025 11:25 AM
Envelope: 22988881

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

PRIMORIS T&D SERVICES, LLC,

              Plaintiff,

v.

PROSOURCE TECHNOLOGIES, LLC,

              Defendant.

Case No.: C-15-CV-25-003542

### ORDER

It is this _____ day of _____, 202__, by the Circuit Court for Montgomery County, Maryland, **ORDERED** that

    R. Heath Cheek
    Benn Nunnally & Martin LLP
    2323 Ross Avenue, Suite 1900
    Dallas, Texas 75201
    hcheek@bellnunnally.com

is admitted specially for the limited purpose of appearing and participating in this case as co-counsel for Plaintiff. The presence of the Maryland attorney [ ] is [ ] is not waived.

It is further **ORDERED** that the Clerk forward a true copy of the Motion and of this Oder to the State Court Administrator.

_____
Judge, Circuit Court for Montgomery County

_____
Signature

Exhibit 1

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

PRIMORIS T&D SERVICES, LLC, as
assignee and successor-in-interest to TELCON
SERVICES, LLC,

    Plaintiff

v.

PROSOURCE TECHNOLOGIES, LLC,

    Defendant

\*

\*

\*

\*  Case No.: C-15-CV-25-003542

\*

\*

\* \* \* \* \* \* \* \* \* \* \*

## ANSWER

Defendant ProSource Technologies, LLC ("Defendant"), by its attorneys Kristina L. Pywowarczuk, Julian A. Miller, and McAngus Goudelock & Courie, respectfully submit this Answer to the Complaint, stating in support:

### GENERAL DENIAL

Pursuant to Maryland Rule 2-323(d), Defendant generally denies all liability and all averments of fact contained within the Complaint, and each count therein, and demands strict proof thereof.

### FIRST DEFENSE

The Complaint fails to state a claim against this Defendant upon which the relief requested may be granted.

### SECOND DEFENSE

Defendant denies that it is liable to Plaintiff in any amount, for any cause whatsoever.

### THIRD DEFENSE

Defendant denies that Plaintiff has been damaged in the amount and to the extent alleged.

## FOURTH DEFENSE

Defendant owed no legal duty to Plaintiff; or, if Defendant did owe a duty, that duty was not breached.

## FIFTH DEFENSE

Plaintiff's injuries and damages, if any, were caused in whole or in part by individuals and/or entities over whom this Defendant had no control or right of control, and for whom Defendant is not responsible as a matter of law.

## SIXTH DEFENSE

Plaintiff's injuries and damages, if any, were not proximately caused by any act or omission of the Defendant, but resulted from or were caused by intervening or superseding causes not attributed to this Defendant.

## SEVENTH DEFENSE

To the extent supported by the evidence, Defendant will rely on the defenses of contributory negligence and/or assumption of risk.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate, minimize, and/or avoid the alleged injury and damages claimed.

## NINTH DEFENSE

Any negligence on the part of this Defendant, which is denied, was not a proximate cause of Plaintiff's injuries and damages.

## OTHER DEFENSES

Defendant reserves the right to assert any such other defenses which may be revealed by subsequent investigation and/or discovery, including: accord and satisfaction, merger, collateral

estoppel, duress, estoppel, fraud, illegality, laches, payment, release, res judicata, statute of frauds, statute of limitations, ultra vires, usury, waiver, privilege, total or partial immunity, improper jurisdiction, and improper venue. Defendant presently has insufficient knowledge of the Plaintiff's claims and allegations to form a belief as to whether it may have additional negative or affirmative defenses, and therefore asserts broadly all defenses lawfully available, and reserves the right to supplement this pleading at such a time as further facts justifying such defenses are made clear.

WHEREFORE, Defendant ProSource Technologies, LLC, prays that this Honorable Court dismiss this action with prejudice and award to the Defendant the costs and expenses incurred in defending this litigation.

**TRIAL BY JURY DEMANDED.**

**PROSOURCE TECHNOLOGIES, LLC**

By Counsel

/s/ *Julian A. Miller*
Julian A. Miller (AIS No. 2501131001)
Kristina L. Pywowarczuk (AIS No. 2312181004)
McAngus, Goudelock & Courie
1925 Ballenger Ave, Ste. 560
Alexandria, VA 22314
Mail: PO Box 30307
Charlotte, NC 28230
Phone: (703) 822-4796
Fax: (703) 997-6274
kristina.pywowarczuk@mgclaw.com
julian.miller@mgclaw.com

### **Certification of Compliance with Rule 20-201(h)**

I, Julian A. Miller, certify that the foregoing submission does not contain any restricted or personally-identifying information.

/s/ *Julian A. Miller*
Julian A. Miller (AIS No. 2501131001)

## Certificate of Service

I hereby certify that on this 6th day of October, 2025, I electronically filed and served the foregoing, causing notice to be sent to all counsel.

/s/ *Julian A. Miller*
Julian A. Miller (AIS No. 2501131001)

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

PRIMORIS T&D SERVICES, LLC, as
assignee and successor-in-interest to TELCON
SERVICES, LLC,

     Plaintiff

v.

PROSOURCE TECHNOLOGIES, LLC,

     Defendant

\*       
\*       
\*       
\*       Case No.: C-15-CV-25-003542
\*       
\*

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

<u>**NOTICE OF APPEARANCE**</u>

Please enter the appearance of Kristina L. Pywowarczuk, Julian A. Miller, and the law

firm McAngus, Goudelock & Courie, LLC as counsel on behalf of the Defendant ProSource

Technologies, LLC in the above-captioned matter.

                          **PROSOURCE TECHNOLOGIES, LLC**

                                       By Counsel

<u>/s/ *Julian A. Miller*</u>
Julian A. Miller (AIS No. 2501131001)
Kristina L. Pywowarczuk (AIS No. 2312181004)
McAngus, Goudelock & Courie
1925 Ballenger Ave, Ste. 560
Alexandria, VA 22314
Mail: PO Box 30307
Charlotte, NC 28230
Phone: (703) 822-4796
Fax: (703) 997-6274
kristina.pywowarczuk@mgclaw.com
julian.miller@mgclaw.com

**<u>Certification of Compliance with Rule 20-201(h)</u>**

I, Julian A. Miller, certify that the foregoing submission does not contain any restricted or personally-identifying information.

/s/ *Julian A. Miller*
Julian A. Miller (AIS No. 2501131001)

## Certificate of Service

I hereby certify that on this 6th day of October, 2025, I electronically filed and served the foregoing, causing notice to be sent to all counsel.

/s/ *Julian A. Miller*
Julian A. Miller (AIS No. 2501131001)