## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| TELCON SERVICES, LLC<br>3401 S. Old Wick Ave.<br>Eagle, ID 83616 )))) | |
|       **Plaintiff,** ) | C-15-CV-25-003542 |
| **v.** ) | Civil No.: _____ |
| PROSOURCE TECHNOLOGIES, LLC<br>9219 East River Road NW<br>Coon Rapid, MN 55433<br><br>  Serve:  Northwest Registered Agent Service, Inc.<br>        5000 Thayer Center<br>        Suite C<br>        Oakland, MD 21550<br>        *Registered Agent*<br><br>      **Defendant.** | |

### PLAINTIFF TELCON SERVICES, LLC'S COMPLAINT AND RULE 1-313 CERTIFICATE

Plaintiff Telcon Services, LLC, by and through counsel, submits this Complaint seeking damages and indemnification against Defendant ProSource Technologies, LLC, and in support states as follows:

### Parties

1. Plaintiff Telcon Services, LLC ("Telcon") is an Idaho limited liability company with its principal office at 3401 S. Old Wick Ave., Eagle, ID 83616. Telcon is registered and in good standing to transact business in the State of Maryland and primarily engages in business performing construction management services.

1

Exhibit 1

2. Upon information and belief, Defendant ProSource Technologies, LLC ("ProSource") is a Minnesota limited liability company with its principal place of business at 9219 East River Road NW, Coon Rapid, MN 55433. ProSource engages in, among other things, performing land survey services in the State of Maryland.

### Jurisdiction

3. This is an action for damages in excess of $30,000.00, exclusive of interest and costs.

4. Jurisdiction is proper in this Court under §§ 1-501, 6-102, and 6-103 of the Courts and Judicial Proceedings Article of the Maryland Code.

5. Venue is proper in this Court under § 6-201 of the Courts and Judicial Proceedings Article of the Maryland Code.

### Facts

6. Telcon is one of two entities comprising InfraPartners, LLC ("InfraPartners"). The other party comprising InfraPartners is Procom Supply, LLC. InfraPartners was established for the purpose of providing materials and engineering and construction management services to QLoop for the design and construction of a 38-mile fiber network ring in Maryland and Virginia (the "Project").

7. InfraPartners entered into a Professional Services Agreement with Quantum Loophole, Inc. ("QLoop"), pursuant to which InfraPartners provides construction management services for the Project.

8. The requisite work to be performed for the Project included the excavation and site work needed to install fiber optic conduits through easements granted by landowners within the

2

Exhibit 1

Project area. Once the requisite easements were secured, a subsequent property survey was to be completed to designate the precise locations to excavate and install the conduit.

9. Among the easements necessary to complete the overall conduit work was an easement on property owned by First Energy Corp. ("First Energy"), situated along River Road in Dickerson, Maryland (and located within Montgomery County). The easement for the First Energy property was successfully obtained prior to the survey work (the "First Energy Easement").

10. The real property owned by First Energy is adjacent to a separate parcel of real property owned by a different landowner, Lewis Legacy LLC ("Lewis Legacy"), located at 24000 River Road, Dickerson, Maryland 20842. The conduit that was to be installed in this area of the overall Project, i.e., "Segment 4," was not intended to run through the Lewis Legacy property, so no easement was requested and obtained from Lewis Legacy.

11. Telcon, in a direct and individual capacity, entered into an agreement with ProSource dated January 24, 2022. Pursuant to the Telcon-ProSource Contract, ProSource agreed to provide professional services to the Project in the form of researching and performing the land survey of the First Energy Easement, which is located adjacent to real property owned by Lewis Legacy (the "Telcon-ProSource Contract"). The scope of work to be performed by ProSource did not include performing any survey work on the real property owned by Lewis Legacy.

12. In order to satisfy its obligations under the Telcon-ProSource Contract, ProSource entered into a subcontract agreement with Civil & Environmental Consultants Inc. ("CEC") to perform the land survey of the First Energy Easement.

13. Upon information and belief, ProSource, through CEC, subsequently performed the land survey work. The land survey work performed through the direction and oversight of

ProSource included the installation of markers identifying the designated areas where the conduit should be installed.

14.    On July 13, 2022, ProSource completed its survey work pursuant to the Telcon-ProSource Contract. ProSource issued a boundary survey upon completion of the on-site review.

15.    Separate from the survey work, QLoop retained Primoris T&D Services, LLC ("Primoris") to serve as the contractor to perform the actual excavation and installation of conduit on the First Energy Easement and other designated areas.

16.    QLoop and Primoris subsequently relied on the designated markings established by ProSource and began the installation work for QLoop's underground communication conduit for Segment 4. The underground cabling work was completed by QLoop and Primoris while relying upon the markings established by ProSource's survey.

17.    On August 4, 2023, Telcon was informed that underground conduit had been improperly installed on areas within the Lewis Legacy property.

18.    Lewis Legacy alleged that Primoris installed the fiber optic conduit outside of the authorized First Energy Easement due to ProSource's surveying error. Lewis Legacy alleged that the conduit was actually improperly installed on its real property, thereby resulting in alleged damage to its real property. Lewis Legacy claimed significant monetary damages against Primoris, QLoop, and Telcon as the result of the improperly installed conduit (the "Lewis Legacy Claim").

19.    After reviewing the situation and events, QLoop decided to negotiate a comprehensive settlement with Lewis Legacy that included QLoop's agreement to pay $850,000.00 to Lewis Legacy to resolve the costs and damages resulting from the improper survey work ("Lewis Legacy Settlement").

20.     The total cost impact allegedly associated with ProSource's failure to perform as required under the Telcon-ProSource Contract is calculated at $1,669,208.96, which encompasses (a) the settlement payment to Lewis Legacy ($850,000.00); (b) costs to remove the improperly installed conduit and reinstall the conduit ($812,008.96); and (c) costs to complete additional survey work following the discovery of ProSource's failed performance ($7,200.00).

21.     QLoop has sought indemnification and reimbursement from Telcon for the settlement with Lewis Legacy.

22.     In turn, Telcon and QLoop made a demand on ProSource seeking full indemnification and reimbursement of the costs and damages to resolve the dispute with Lewis Legacy, all of which is attributable to ProSource's surveying error.

23.     On or about July 2, 2024, Telcon agreed to credit QLoop one hundred seventy-five thousand dollars ($175,000.00) of the overall amount comprising the settlement payment of $850,000 to Lewis Legacy. This credit is in the form of an offset of construction management fees originally payable by QLoop to Telcon for work to be performed by Telcon in Virginia.

24.     Despite the credit given to QLoop by Telcon in the amount of $175,000, QLoop sent a letter to Telcon's counsel dated April 25, 2025, demanding that InfraPartners, LLC and Telcon indemnify QLoop and pay costs and damages due to the improper survey completed by ProSource. The demand letter issued by QLoop states, *inter alia*, that QLoop has "suffered damage[s] in excess of $10,000,000."[1]

25.     Despite its responsibility for the overall costs and damages, ProSource has refused to indemnify and reimburse Telcon for any costs or damages directly resulting from ProSource's

---

[1] QLoop previously initiated a claim against Telcon in Texas alleging, *inter alia*, that QLoop is entitled to damages due to the improper survey work. That claim is part of an ongoing lawsuit styled as *Primoris T&D Services, LLC v. QLoop Communications, et al.*, Texas Business Court; No. 24-BC03B-0001.

failure to perform its services in accordance with the Telcon-ProSource Contract and industry standards.

26. As the result of ProSource's failures, Telcon is entitled to the immediate reimbursement of the credit given by Telcon to QLoop ($175,000.00).

27. Additionally, Telcon is entitled to indemnification by ProSource for any amount that is the responsibility of Telcon to resolve the underlying disputes that have arisen as the result of ProSource's failure to perform.

## COUNT I
### (Breach of Contract – ProSource Technologies, LLC)

28. The allegations set forth in Paragraphs 1 through 27 are incorporated herein by reference.

29. Telcon and ProSource entered into the Telcon-ProSource Contract dated January 24, 2022, through which ProSource agreed to provide professional services for the Project. The services to be provided by ProSource included, but were not limited to, the completion of a professional land survey of the First Energy Easement.

30. The Telcon-ProSource Contract detailed the hourly rates ProSource would charge in exchange for its professional services.

31. Pursuant to the terms and conditions of the Telcon-ProSource Contract, ProSource and its agent, CEC, researched and completed the land survey work on or about July 13, 2022.

32. Pursuant to the Telcon-ProSource Contract, ProSource received payment totaling $11,873.56 for survey services, specifically the south and north Potomac River bores. Overall, Telcon paid ProSource $122,385.99 for surveying throughout the area designated as "Segment 4" for the Project.

33.    On August 4, 2023, Telcon was notified that ProSource failed to complete the land survey work as required under the Telcon-ProSource Contract, instead completing a survey on the Lewis Legacy real property.

34.    It was discovered that as the result of ProSource's incorrect survey information and site markings, Telcon and QLoop, through Primoris, installed conduit through real property owned by Lewis Legacy. Telcon, QLoop, and Primoris did not realize and could not have realized ProSource's failed performance and improper markings during the installation of the conduit.

35.    Despite its contractual obligations, ProSource failed to perform its services in accordance with the terms and conditions of the Telcon-ProSource Contract. Specifically, ProSource failed to conduct a proper land survey of the real property that was the subject of the Telcon-ProSource Contract. Instead of performing a survey of the First Energy Easement, ProSource erroneously and improperly conducted a survey of the real property situated adjacent to the First Energy Easement, i.e., the Lewis Legacy real property.

36.    As the direct result of the improper land survey performed by ProSource, areas within the Lewis Legacy real property were improperly marked for the installation of conduit. In turn, conduit was improperly installed on the Lewis Legacy real property thereby causing alleged damages.

37.    As the result of its failure to complete the requisite survey of the First Energy Easement, ProSource has materially breached the terms and conditions of the Telcon-ProSource Contract.

38.    As the result of the improper conduit installed on its real property without the requisite permission, Lewis Legacy demanded damages from Telcon and QLoop.

7

39.     In order to avoid a potential legal dispute, QLoop agreed to pay $850,000 to the Lewis Legacy to resolve the dispute resulting from ProSource's failed performance.

40.     On or about July 2, 2024, Telcon committed to compensate QLoop in the amount of one hundred seventy-five thousand dollars ($175,000.00) of the overall Lewis Legacy Settlement.[2]

41.     QLoop is currently seeking to recover an amount of not less than $1,669,208.96 from Telcon, which includes (a) the settlement to Lewis Legacy ($850,000.00); (b) costs to remove the improperly installed conduit and reinstall the conduit ($812,008.96); and (c) costs incurred to complete additional survey work following the discovery of ProSource's failed performance from Telcon ($7,200.00).

42.     At present, Telcon is entitled to an award of monetary damages against ProSource in an amount of not less than one hundred seventy-five thousand dollars ($175,000) based on ProSource's breach of the Telcon-ProSource Contract.

WHEREFORE, Plaintiff Telcon Services, LLC requests that a judgment be entered against Defendant ProSource Technologies, LLC in an amount to be proven at trial, but not less than one hundred seventy-five thousand dollars ($175,000.00), plus interest and any additional damages which may accrue before the date of any judgment, as well as costs, attorneys' fees, and such other relief as the Court may deem appropriate.

## COUNT II
### (Indemnification – ProSource Technologies, LLC)

43.     The allegations set forth in Paragraphs 1 through 42 are incorporated herein by reference.

---

[2] Telcon agreed to credit this amount to QLoop in the form of an offset of Telcon's future construction management fees to be incurred on the overall Project.

44.     Telcon is subject to existing and future costs and damages as the result of ProSource's failed and improper land survey performed on the Lewis Legacy real property. Specifically, ProSource owed a duty to all interested parties to ensure it performed its professional services without any errors or omissions. ProSource's failure to perform its professional services constitutes a breach of general professional and industry standards regarding the performance of land survey work.

45.     Telcon did not cause, nor is it in any way responsible for, the underlying injury that resulted in the damages that have been and will be paid to Lewis Legacy.

46.     Telcon did not cause, nor is it in any way responsible for, the underlying injury that resulted in the damages that have been and will be claimed by QLoop against Telcon.

47.     Telcon maintains that any future finding of liability against its interests relative to the injury caused to Lewis Legacy have arisen from and are proximately caused by the active wrongful acts and/or omissions of ProSource.

48.     The total cost impact associated with ProSource's failure to perform in accordance with generally acceptable industry standards is currently calculated at $1,669,208.96, which includes (a) the settlement to Lewis Legacy ($850,000.00); (b) costs to remove the improperly installed conduit and reinstall the conduit ($812,008.96); and (c) costs incurred to complete additional survey work following the discovery of ProSource's failed performance ($7,200.00).

49.     In a letter dated April 18, 2025, QLoop issued a demand to InfraPartners, LLC and Telcon for indemnification of costs and damages due to the improper survey completed by ProSource. The demand issued by QLoop states that QLoop has "suffered damage[s] in excess of $10,000,000." Thus, the demand letter states an intent to hold InfraPartners, LLC and Telcon responsible for money damages in a final amount to be determined.

Exhibit 1

50.     Accordingly, Telcon is entitled to indemnity in law against ProSource for any and all losses suffered by Telcon as the result of ProSource's wrongful acts or omissions, to include the full or partial payment of not less than $1,669,208.96 as the result of ProSource's failed performance.

51.     Telcon has satisfied any and all conditions precedent to claiming and recovering the subject costs.

WHEREFORE, Plaintiff Telcon Services, LLC requests that the Court direct Defendant ProSource Technologies, LLC to indemnify Plaintiff Telcon Services, LLC in an amount to be proven at trial, but not less than one million six hundred sixty-nine thousand two hundred eight dollars and ninety-six cents ($1,669,208.96), plus interest and any additional damages which may accrue before the date of any judgment, as well as costs, attorneys' fees, and such other relief as the Court may deem appropriate.[3]

Dated: July 8, 2025

Respectfully submitted,

Gregory H. Koger
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C.  20006
Phone: (202) 955-3000
Fax: (202) 955-5564
greg.koger@hklaw.com
MD Client Protection Number: 9912150106

---

[3] Any damages awarded under Count I (Breach of Contract) would be deducted against the amount claimed in Count II.

10

Exhibit 1

## RULE 1-313 CERTIFICATE

Pursuant to Maryland Rule 1-313, the undersigned counsel for Plaintiff Telcon Services, LLC certifies that he is admitted to practice before the Supreme Court of Maryland and throughout the State of Maryland.

Dated: July 8, 2025

Gregory H. Koger