**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)**

| | |
|---|---|
| PRIMORIS T&D SERVICES, LLC, as assignee and successor-in-interest to TELCON SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PROSOURCE TECHNOLOGIES, LLC, <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> CIVIL & ENVIRONMENTAL CONSULTANTS, INC., <br><br> Third-Party Defendant. | Civil Action No. 8:25-cv-03314-LKG |

## THIRD-PARTY DEFENDANT CIVIL & ENVIRONMENTAL CONSULTANTS, INC.'S ANSWER TO DEFENDANT PROSOURCE TECHNOLOGIES, LLC'S THIRD-PARTY COMPLAINT

Third-Party Defendant Civil & Environmental Consultants, Inc. ("CEC"), by and through its undersigned counsel, hereby files the within Answer to Defendant/Third-Party Plaintiff ProSource Technologies, LLC's ("ProSource") Third-Party Complaint, and in support thereof, avers as follows:

### JURISDICTION AND VENUE

1.      Admitted that this action was removed from the Circuit Court for Montgomery County, Maryland to this Court.  CEC acknowledges that ProSource invoked the jurisdiction of this Court and does not contest that ProSource satisfied the conditions of removal pursuant to 28 U.S.C. §§ 1441 and 1446.

2.      The allegations in Paragraph 2 of ProSource's Third-Party Complaint are

conclusions of law to which no response is required.  To the extent a response is deemed required, CEC denies the allegations in Paragraph 2 of ProSource's Third-Party Complaint.

3.      The allegations in Paragraph 3 of ProSource's Third-Party Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, CEC denies the allegations in Paragraph 3 of ProSource's Third-Party Complaint.

## **PARTIES**

4.      CEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of ProSource's Third-Party Complaint and therefore denies the same.

5.      Denied.  CEC is a Pennsylvania corporation with its principal place of business in Pennsylvania.

## **BACKGROUND**

6.      Admitted to the extent that Telcon filed suit against ProSource on July 8, 2025 in the Circuit Court for Montgomery County, Maryland (the "State Court Action").  Answering further, to the extent that the allegations in Paragraph 6 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 6 of ProSource's Third-Party Complaint.

7.      CEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of ProSource's Third-Party Complaint and therefore denies the same.  Answering further, to the extent that the allegations in Paragraph 7 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

8.      The allegations in Paragraph 8 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

9.      Admitted that ProSource removed the State Court Action to this Court. CEC acknowledges that ProSource invoked the jurisdiction of this Court and does not contest that ProSource satisfied the conditions of removal pursuant to 28 U.S.C. §§ 1441 and 1446.

10.     Admitted.

## FACTS

11.     Admitted, upon information and belief.

12.     Admitted, upon information and belief.

13.     The allegations in Paragraph 13 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

14.     The allegations in Paragraph 14 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

15.     The allegations in Paragraph 15 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

### *Civil & Environmental Consultants July 2022 Work*

16.     CEC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of ProSource's Third-Party Complaint and therefore denies the same.

17.    Admitted.

18.    Admitted.

19.    CEC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of ProSource's Third-Party Complaint and therefore denies the same.

20.    Admitted to the extent that Telcon provided ProSource with drawings containing latitude and longitude values.  Said drawings did not contain control points.  Answering further, to the extent that the allegations in Paragraph 20 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 20 of ProSource's Third-Party Complaint.

21.    Denied.  Pursuant to the Proposal for Surveying Services and Schedule of Terms and Conditions by and between CEC and ProSource (the "CEC Agreement"), CEC's scope of services included: locating and verifying survey control provided; staking centerline of alignment at specified locations; staking the erosion and sediment controls; and staking the bore pits.  CEC's scope of services did not include boundary surveying or easement staking.  Answering further, the allegations in Paragraph 21 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

22.    The allegations in Paragraph 22 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

23.    The allegations in Paragraph 23 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are

denied.

24.    The allegations in Paragraph 24 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  Answering further, the allegations in Paragraph 24 of ProSource's Third-Party Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, CEC denies the allegations in Paragraph 24 of ProSource's Third-Party Complaint.

***Civil & Environmental Consultants November 22 Work***

25.    Admitted to the extent that on October 26, 2022, Jeff Schamber, Project Manager at Telcon, emailed Pete Brothers, Principal at CEC, requesting a quote for research and staking of an easement.  Answering further, to the extent that the allegations in Paragraph 25 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 25 of ProSource's Third-Party Complaint.

26.    Admitted to the extent that on October 26, 2022, Jeff Schamber, Project Manager at Telcon, emailed title reports to Dave Sebasatian and Pete Brothers at CEC.  Answering further, to the extent that the allegations in Paragraph 26 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 26 of ProSource's Third-Party Complaint.

27.    Admitted only to the extent that CEC responded to Telcon and stated that CEC would get back to Telcon.  To the extent that the allegations in Paragraph 27 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 27 of

ProSource's Third-Party Complaint.

28.    Denied as stated.  On November 3, 2022, Jeff Schamber of Telcon emailed Pete Brothers and Dave Sebastian of CEC inquiring into whether they had a chance to look over the information and see if it was something CEC was interested in.  Answering further, to the extent that the allegations in Paragraph 28 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied. CEC denies the remaining portions of Paragraph 28 of ProSource's Third-Party Complaint.

29.    Denied as stated.  Pete Brothers of CEC informed ProSource *via* email dated November 3, 2022 that Telcon requested that CEC do more stakeout work, noting that "some of [Telcon's] request requires staking an easement which [CEC] cannot do since [CEC] didn't do any prior boundary."  Mr. Brothers further explained that CEC "cannot stake the easement unless we [CEC] do the boundary work," noting that CEC's contract is through ProSource and not directly with Telcon.  Answering further, to the extent that the allegations in Paragraph 29 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 29 of ProSource's Third-Party Complaint.

30.    CEC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of ProSource's Third-Party Complaint and therefore denies the same.

31.    The allegations in Paragraph 31 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 31 of ProSource's Third-Party Complaint.

32.     Admitted to the extent that on November 11, 2022, CEC emailed Telcon identifying 45 properties that required surveying to determine the boundary line.  Answering further, the allegations in Paragraph 32 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 32 of ProSource's Third-Party Complaint.

33.     The allegations in Paragraph 33 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 33 of ProSource's Third-Party Complaint.

34.     The allegations in Paragraph 34 of ProSource's Third-Party Complaint reference written documents, said documents speak for themselves, and all allegations inconsistent therewith are denied.

35.     Admitted.  Answering further, the allegations in Paragraph 35 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

36.     Denied.  At all times relevant and material hereto, CEC was not a party to any contract with Telcon and/or QLoop relating to the subject project.  Telcon contracted directly with ProSource and provided information and direction to CEC in conjunction with Telcon.  CEC is not responsible for any errors in said information nor any subsequent issues with installation and/or construction alleged by Telcon, QLoop, ProSource, and/or any other party or entity.

37.     CEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of ProSource's Third-Party Complaint and therefore denies the same.

38.     Admitted only to the extent that CEC began staking in November 2022 based solely on the information provided by Telcon and ProSource.  CEC denies the remaining portions of Paragraph 38 of ProSource's Third-Party Complaint.

39.     CEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of ProSource's Third-Party Complaint and therefore denies the same.

40.     CEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 40 of ProSource's Third-Party Complaint and therefore denies the same.

**_Lewis Legacy's Claims Against QLoop_**

41.     Admitted, upon information and belief.

42.     Admitted, upon information and belief.  Answering further, to the extent that the allegations in Paragraph 42 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

43.     Admitted, upon information and belief.  Answering further, to the extent that the allegations in Paragraph 43 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

44.     CEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 44 of ProSource's Third-Party Complaint and therefore denies the same.  Answering further, to the extent that the allegations in Paragraph 44 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

45.     Admitted that Telcon sent letters to ProSource dated February 12, 2024 and

December 19, 2024.  Answering further, the allegations in Paragraph 45 of ProSource's Third-Party Complaint reference written documents, said documents speak for themselves, and all allegations inconsistent therewith are denied.

46.     The allegations in Paragraph 46 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

47.     Admitted to the extent that ProSource sent a tender letter to CEC dated April 15, 2025.  CEC denies that it is obligated to indemnify ProSource pursuant to the terms of the CEC Agreement.  Answering further, the allegations in Paragraph 47 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 47 of ProSource's Third-Party Complaint.

**_Primoris' Claims against ProSource_**

48.     The allegations in Paragraph 48 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

49.     The allegations in Paragraph 49 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

50.     The allegations in Paragraph 50 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  By way of further answer, boundary surveying was not within CEC's scope of services.

51.     The allegations in Paragraph 51 of ProSource's Third-Party Complaint are

conclusions of law to which no response is required.  To the extent a response is deemed required, CEC denies the allegations in Paragraph 51 of ProSource's Third-Party Complaint.  Answering further, to the extent that the allegations in Paragraph 51 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

52.     To the extent that the allegations in Paragraph 52 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

53.     To the extent that the allegations in Paragraph 53 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  By way of further response, boundary surveying was not within CEC's scope.  CEC's scope of services included: locating and verifying survey control provided; staking centerline of alignment at specified locations; staking the erosion and sediment controls; and staking the bore pits.

## COUNT I – BREACH OF CONTRACT

54.     CEC incorporates by reference the responses to the allegations set forth in Paragraphs 1-53 of ProSource's Third-Party Complaint as set forth above.

55.     Denied.

56.     The allegations in Paragraph 56 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

57.     Admitted to the extent that, pursuant to the CEC Agreement, CEC agreed to perform "its services consistent with the professional skill and care ordinarily provided by

professionals, such as CEC, practicing in the same or similar locality under the same or similar circumstances and in effect at the time of performance.  CEC provides no warranties or guarantees whether express or implied."  To the extent that the allegations in Paragraph 57 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

58.    The allegations in Paragraph 58 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  By way of further answer, CEC was not provided with "control" points.  CEC's scope of services included: locating and verifying survey control provided; staking centerline of alignment at specified locations; staking the erosion and sediment controls; and staking the bore pits.

59.    The allegations in Paragraph 59 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

60.    The allegations in Paragraph 60 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

61.    Denied.

62.    Denied.

63.    The allegations in Paragraph 63 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

64.    Denied.  By way of further answer, the CEC Agreement does not contain any provision creating a duty to defend.

65.    Denied.

66.    Denied.

## COUNT II – CONTRACTUAL INDEMNIFICATION

67.    CEC incorporates by reference the responses to the allegations set forth in Paragraphs 1-66 of ProSource's Third-Party Complaint as set forth above.

68.    The allegations in Paragraph 69 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  CEC denies that it performed any improper or deficient work or otherwise failed to abide by the terms of the CEC Agreement.

69.    The allegations in Paragraph 69 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  By way of further answer, CEC's scope of services included: locating and verifying survey control provided; staking centerline of alignment at specified locations; staking the erosion and sediment controls; and staking the bore pits.

70.    Admitted only to the extent that the CEC Agreement includes indemnification terms.  CEC denies that it is obligated to indemnify ProSource pursuant to the CEC Agreement. Answering further, the CEC Agreement is a written document that speaks for itself and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 70 of ProSource's Third-Party Complaint.

71.    Admitted only to the extent that the CEC Agreement includes indemnification terms.  CEC denies that it is obligated to indemnify ProSource pursuant to the CEC Agreement. Answering further, the CEC Agreement is a written document that speaks for itself and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 71

of ProSource's Third-Party Complaint.

72.    The allegations in Paragraph 72 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.  By way of further answer, CEC denies that it negligently performed any work under the CEC Agreement.

73.    Denied.

74.    Denied.

75.    Denied. CEC denies that it is liable to ProSource and denies that it is obligated to indemnify ProSource pursuant to the CEC Agreement.

76.    Admitted only to the extent that ProSource made a demand for indemnification to CEC.  CEC denies that it is in breach of any of its contractual obligations under the CEC Agreement.  Answering further, the CEC Agreement is a written document that speaks for itself and all allegations inconsistent therewith are denied.  CEC denies the remaining portions of Paragraph 76 of ProSource's Third-Party Complaint.

**COUNT III – CONTRIBUTION**

77.    CEC incorporates by reference the responses to the allegations set forth in Paragraphs 1-76 of ProSource's Third-Party Complaint as set forth above.

78.    The allegations in Paragraph 78 of ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

79.    CEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 79 of ProSource's Third-Party Complaint and therefore denies the same.  Answering further, to the extent that the allegations in Paragraph 79 of

ProSource's Third-Party Complaint reference a written document, said document speaks for itself, and all allegations inconsistent therewith are denied.

80.     Denied.  CEC denies that it was negligent in its performance of its services under the CEC Agreement.

81.     Denied.  CEC denies that it was negligent in its performance of its services under the CEC Agreement.  CEC's scope of services did not include boundary surveying or easement staking.

82.     CEC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 82 of ProSource's Third-Party Complaint and therefore denies the same.

83.     Denied.

## COUNT IV – COMMON LAW INDEMNIFICATION

84.     CEC incorporates by reference the responses to the allegations set forth in Paragraphs 1-83 of ProSource's Third-Party Complaint as set forth above.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

## AFFIRMATIVE DEFENSES

1.     In addition to the defenses and denials set forth above, CEC asserts the following affirmative and other defenses.  These defenses are based on the claims as pled at this time and based on a limited investigation and limited discovery to date.  CEC reserves the right to amend

or add applicable defenses as its investigation and discovery continues in this matter, or to address any amendments to the pleadings by Plaintiff and/or ProSource.

2.      ProSource's claims are barred, in whole or in part, by ProSource's failure to mitigate any alleged damages.

3.      ProSource's claimed damages are not causally related to the alleged work performed by CEC and therefore not recoverable against CEC.

4.      ProSource's claimed damages, if any, occurred as a result of conditions or circumstances beyond the control of CEC, and CEC asserts same as a complete and/or partial bar to the claims included in ProSource's Third-Party Complaint.

5.      To the extent ProSource intends to assert a claim against CEC premised on negligence, ProSource's alleged damages were caused by ProSource's own intentional and/or negligent acts and/or omissions, for which CEC is not responsible.  To the extent ProSource intends to assert a claim against CEC premised on negligence, each or some or all of such acts or omissions by ProSource are the sole or proximate cause, or at least a contributing cause, of ProSource's alleged damages, and such fault should be appropriately apportioned against ProSource based upon its comparative fault and contributory negligence.

6.      To the extent ProSource intends to assert a claim against CEC premised on negligence, the incident in question and the damages alleged by ProSource, if any, were caused, solely or partially, or proximately caused by the fault or negligence of some person or third party over whom CEC had no right nor actual control nor legal responsibility.

7.      To the extent ProSource intends to assert a claim against CEC premised on negligence, any recovery for economic damages under the theory of negligence is barred by the economic loss rule.

8.      Venue in this Court is improper, as the causes of action and claims set forth in ProSource's Third-Party Complaint relate to and/or arise under the written contract between CEC and ProSource, which provides that any court of record in Allegheny County, Pennsylvania shall have the exclusive jurisdiction and venue over any claims relating to or arising under the contract.

9.      As specified in the Limitation of Remedies provision under the applicable contract between CEC and ProSource, ProSource agreed "to limit CEC's liability for any clam arising from, or alleged to arise from any acts, errors or omissions in the performance of services under this AGREEMENT, whether such claim is based in negligence, breach of contract, or other legal theory to an aggregate limit of the amount of fees paid to CEC under this AGREEMENT, or $50,000, whichever is greater, except for CEC's willful misconduct or gross negligence."

10.     As specified in the Waiver of Consequential Damages provision under the applicable contract between CEC and ProSource, CEC and ProSource agreed to waive any claim against each other for consequential, incidental, special or punitive damages.

### REQUEST FOR RELIEF

WHEREFORE, having fully answered Defendant/Third-Party Plaintiff ProSource Technologies, LLC's Third-Party Complaint, Third-Party Defendant Civil & Environmental Consultants, Inc. requests that Defendant/Third-Party Plaintiff ProSource Technologies, LLC's requested relief be denied, that Defendant/Third-Party Plaintiff ProSource Technologies, LLC take nothing from its claims, that Third-Party Defendant Civil & Environmental Consultants, Inc. recover its costs of court, and for any other relief to which Third-Party Defendant Civil & Environmental Consultants, Inc may be justly entitled.

Date: December 1, 2025

Respectfully Submitted,

/s/ Patrick K. Burns
Patrick K. Burns, Esq. (Bar No. 18847)
**GORDON REES SCULLY MANSUKHANI, LLP**
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
Phone: 202-370-8003
Email: pburns@grsm.com

*Counsel for Third-Party Defendant Civil &*
*Environmental Consultants, Inc.*

17

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, a true and correct copy of the foregoing *Answer to Third-Party Complaint* was electronically served upon the following counsel of record *via* the CM/ECF system:

Julian A. Miller, Esquire (Bar No. 31519)
Kristina L. Pywowarczuk (Bar No. 31743)
McAngus Goudelock & Courie
1925 Ballenger Ave, Ste 560
Alexandria, VA  22314
Mail: PO Box 30307
Charlotte, NC  28230
Phone: (703) 822-4796
Fax: (703) 997-6274
Kristina.pywowarczuk@mgclaw.com
Julian.miller@mgclaw.com
*Counsel for Defendant/Third-Party Plaintiff ProSource Technologies, LLC*

Christopher J. Olsen, Esq.
Peckar & Abramson, P.C.
2055 L Street NW, Suite 750
Washington, D.C.  20036
colsen@pecklaw.com
*Counsel for Plaintiff*

/s/ Patrick K. Burns
Patrick K. Burns, Esq. (Bar No. 18847)